**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 1 5 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TONYA ASH-ROBINSON, ADREANNE**            **PLAINTIFFS**
**WALKER, RODNEY LEWIS and AARON**
**BURTON, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                    No. 4:20-cv- *1239 - DPM*

**HOME TO COMMUNITY LIVING, INC.,**            **DEFENDANTS**
**and REESHEMA BRITT** This case assigned to District Judge *Marshall*

and to Magistrate Judge *Volpe*

<u>**ORIGINAL COMPLAINT—COLLECTIVE ACTION**</u>

COME NOW Plaintiffs Tonya Ash-Robinson, Adreanne Walker, Rodney Lewis
and Aaron Burton (collectively "Plaintiffs"), each individually and on behalf of all others
similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm,
PLLC, and for their Original Complaint—Collective Action ("Complaint") against
Defendants Home to Community Living, Inc., and Reeshema Britt (collectively
"Defendant" or "Defendants"), they state and allege as follows:

I.        **PRELIMINARY STATEMENTS**

1.        This is a collective action brought by Plaintiffs, each individually and on
behalf of all others similarly situated, against Defendants for violation of the overtime
provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and
the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201,
*et seq.* (the "AMWA").

2.        Plaintiffs seek a declaratory judgment, monetary damages, liquidated
damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of

Defendants' failure to pay lawful overtime compensation under the FLSA and the AMWA.

## II.     JURISDICTION AND VENUE

3.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.     The acts complained of herein were committed and had their principal effect against Plaintiffs within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

6.     Plaintiff Tonya Ash-Robinson ("Ash-Robinson") is an individual and resident of Pulaski County.

7.     Plaintiff Adreanne Walker ("Walker") is an individual and resident of Pulaski County.

8.     Plaintiff Rodney Lewis ("Lewis") is an individual and resident of Pulaski County.

9.     Plaintiff Aaron Burton ("Burton") is an individual and resident of Pulaski County.

10.     Separate Defendant Home to Community Living, Inc. ("HCL"), is a domestic, non-profit corporation.

11.     HCL also does business as HCL Accessory Fund, HCL Expansion Fund, HCL Patient's Fund for Social Security Beneficiaries, and Masks4Living.

12.     HCL's registered agent for service of process is Reeshema T. Britt, at 1 Dover Drive, Little Rock, Arkansas 72204.

13.     Separate Defendant Reeshema Britt ("Britt") is an individual and a resident of Arkansas.

14.     Defendants maintain a website at https://www.h2cl.com/.

## IV.     FACTUAL ALLEGATIONS

15.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

16.     Defendants provide supportive living, case management and specialized medical supplies services to their clients who are disabled and require such assistance.

17.     Britt is a principal, director, and/or officer of HCL.

18.     Britt manages and controls the day-to-day operation of HCL, and dictates the employment policies of HCL, including but not limited to the decision to not pay Plaintiffs an overtime premium for all hours worked over forty in a workweek.

19.     Within the three years preceding the filing of this Complaint, Defendants have continuously employed at least four employees.

20.     During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as medical supplies and office equipment.

21.     Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

22.     At all times relevant to the allegations in this Complaint, Plaintiffs were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e), and the AMWA, Ark. Code Ann. § 11-4-203(3).

23.     At all times material herein, Defendants are, and have been, an "employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d), and the AMWA, Ark. Code Ann. § 11-4-203(4).

24.     Ash-Robinson worked for Defendants as an hourly-paid employee from approximately October of 2019 until April of 2020.

25.     Ash-Robinson worked for Defendants as a salaried employee from April of 2020 to September of 2020.

26.     Walker worked for Defendants as an hourly-paid employee from November of 2018 until April of 2020.

27.     Walker worked for Defendants as a salaried employee from April of 2020 until September of 2020.

28.     Lewis worked for Defendants as an hourly-paid employee from November of 2019 until approximately April of 2020.

29.     Lewis worked for Defendants as a salaried employee from approximately April of 2020 until July of 2020.

30.     Burton worked for Defendants as an hourly-paid employee from November of 2019 until April of 2020.

31.     Burton worked for Defendants as a salaried employee from April of 2020 until July of 2020.

32.     At all times while working for Defendants—both when they were paid hourly and when they were paid a salary—Plaintiffs were employed as Caregivers.

33.     In addition to Plaintiffs, Defendants also employed other hourly-paid Caregivers ("Hourly Caregivers").

34.     In addition to Plaintiffs, Defendants also employed other salaried Caregivers ("Salaried Caregivers").

35.     Plaintiffs were primarily responsible for administering care to patients in their home, including dispensing medication, making meals, bathing patients and driving patients to appointments.

36.     Other Caregivers had the same or substantially similar duties.

37.     There was no difference between the duties of Hourly Caregivers and the duties of Salaried Caregivers.

38.     At all times material herein, Plaintiffs and other Hourly and Salaried Caregivers have been entitled to the rights, protections, and benefits provided under the FLSA.

39.     Defendants' central office is located in Little Rock.

40.     When Plaintiffs were Hourly Caregivers, they regularly worked over forty hours per week.

41.     Other Hourly Caregivers also regularly or occasionally worked over forty hours per week.

42.     Plaintiffs and other Hourly Caregivers were not paid for hours worked over forty each week.

43.     When Plaintiffs were classified as Salaried Caregivers, although Defendants purported to pay them a salary, if they missed a shift, wages were deducted from their paychecks for the missed hours.

44.     As Salaried Caregivers, Plaintiffs did not have the authority to hire or fire any other employee, nor were their recommendations as to hiring or firing given particular weight.

45.     Other Salaried Caregivers did not have the authority to hire or fire any other employee, nor were their recommendations as to hiring or firing given particular weight.

46.     As Salaried Caregivers, Plaintiffs did not exercise judgment or discretion as to matters of significance.

47.     Other Salaried Caregivers did not exercise judgment or discretion as to matters of significance.

48.     As Salaried Caregivers, Plaintiffs did not manage the enterprise nor a customarily recognized department or division of the enterprise.

49.     Other Salaried Caregivers did not manage the enterprise nor a customarily recognized department or division of the enterprise.

50.     As Salaried Caregivers, Plaintiffs regularly worked over forty hours in a week.

51.     Other Salaried Caregivers regularly or occasionally worked over forty hours in a week.

52.     While Plaintiffs were Salaried Caregivers, Defendants did not pay them an overtime premium for hours worked over forty in a week.

53.     Defendants did not pay other Salaried Caregivers an overtime premium for hours worked over forty in a week.

54.     Plaintiffs' duties required them to drive patients to various locations, such as doctor's appointments.

55.     Ash-Robinson estimates she drove 150 miles per week for Defendants.

56.     Defendants have not reimbursed Ash-Robinson for mileage or automobile expenses since January of 2020.

57.     From November of 2018 until August of 2019, Walker estimates she drove 100 miles per week for Defendants.

58.     Defendants have not reimbursed Walker for mileage or automobile expenses incurred from November of 2018 until August of 2019.

59.     Lewis estimates he drove 5 miles per week for Defendants.

60.     Defendants have never reimbursed Lewis for mileage or automobile expenses.

61.     Burton estimates he drove 100 miles per week for Defendants.

62.     Defendants have never reimbursed Burton for mileage or automobile expenses.

63.     As a result of the automobile expenses incurred by Plaintiffs, they provided a "kick back" to Defendants per 29 C.F.R. § 531.35, which led to further overtime pay violations.

64.     Ash-Robinson regularly worked hours for which she was not paid. Specifically, when clients were dropped off early, she had to begin work earlier than she was scheduled, and occasionally, she was required to go take care of certain clients off the clock.

65.     Ash-Robinson estimates that on sixteen separate occasions she was required to work between two to four hours off the clock, hours which went unrecorded and uncompensated.

66.     Walker regularly worked hours for which she was not paid. Specifically, Walker was required to assist supervisors in taking care of patients outside of her regular working hours.

67.     Walker estimates that on eight separate occasions she was required to work one and one-half hours off the clock, hours which went unrecorded and uncompensated.

68.     Lewis regularly worked hours for which he was not paid. Specifically, when clients were dropped off early, he had to begin work earlier than he was scheduled.

69.     Lewis estimates that he would work three hours off the clock each day, three to four days a week for two months, hours which went unrecorded and uncompensated.

70.     Burton occasionally worked hours for which he was not paid. Specifically, when there were emergencies, such as when clients ran away and Burton and other Caregivers had to go find them, Burton was not paid for those hours worked.

71.     Burton estimates that on at least three separate occasions he was required to work between one to two hours off the clock, hours which went unrecorded and uncompensated.

72.     Carolyn Gray, the direct supervisor of all Caregivers, would call or text Plaintiffs directing them to come in for these off the clock hours and was in charge of setting all their schedules.

73.     Additionally, in some instances, Plaintiffs and other Caregivers would write incident reports detailing what happened during this off the clock time, and Carolyn Gray was the recipient of all such reports.

74.     Defendants knew or should have known that Plaintiffs were working additional hours off the clock for which they were not compensated.

75.     Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiffs and other Hourly and Salaried Caregivers violated the FLSA.

76.     Upon information and belief, prior to October 2, 2020, Defendants became aware that Ash-Robinson had contacted a lawyer and planned to file the instant lawsuit.

77.     When Ash-Robinson attempted to pick up one of her paychecks on October 2, 2020, her requests for her paycheck were initially ignored and then outright denied by Britt.

78.     On the same occasion, Ash-Robinson overheard Britt complaining to another employee about Ash-Robinson. Britt used abusive and offensive language in reference to Ash-Robinson. Ash-Robinson was subsequently ordered to leave the office and not return.

79.     Though Ash-Robinson has since received the paycheck she requested from Defendants, Defendants have not scheduled Ash-Robinson for any work or communicated with Ash-Robinson regarding scheduling her for work since September 23, 2020.

80.     Upon information and belief, Defendants terminated Ash-Robinson's employment in retaliation for asserting her rights under the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

81.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

82.     Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Overtime premiums for all hours worked over forty (40) hours in any week;

B.     Liquidated damages; and

C.     Attorneys' fees and costs.

83.     Plaintiffs propose the following classes under the FLSA:

> **All hourly-paid Caregivers who worked more than forty hours in any week within the last three years.**

> **All salaried Caregivers who worked more than forty hours in a week within the last three years.**

84.     In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will soon file a written Consent to Join this lawsuit.

85.     The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

86.     The members of the proposed hourly FLSA class are similarly situated in that they share these traits:

A.     They were classified by Defendants as nonexempt from the overtime requirements of the FLSA;

B.     They were paid an hourly wage;

C.     They were subject to Defendants' common policy of failing to pay an overtime premium for all hours worked over forty (40) per week; and

D.     They had the same or substantially similar job duties, requirements and pay provisions.

87.     The members of the proposed salaried FLSA class are similarly situated in that they share these traits:

A.     They were misclassified by Defendants as exempt from the overtime requirements of the FLSA;

B.     They were paid a salary or Defendants purported to pay them a salary;

C.     They were subject to Defendants' common policy of failing to pay an overtime premium for all hours worked over forty (40) per week; and

D.     They had the same or substantially similar job duties, requirements and pay provisions.

88.     Plaintiffs are unable to state the exact number in each class but believes that each class exceeds fifteen (15) persons.

89.     Defendants can readily identify the members of the class, who are a certain portion of the current and former employees of Defendants.

90.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

91.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.     FIRST CLAIM FOR RELIEF
## (Individual Claims for FLSA Violations)

92.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

93.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

94.     At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

95.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

96.     While Plaintiffs were Hourly Caregivers, Defendants classified Plaintiffs as non-exempt from the requirements of the FLSA.

97.     While Plaintiffs were Salaried Caregivers, Defendants misclassified Plaintiffs as exempt from the requirements of the FLSA.

98.     Defendants failed to pay Plaintiffs one and one-half times their regular rate for all hours worked in excess of forty hours per week.

99.     Defendants knew or should have known that their actions violated the FLSA.

100.    Defendants' conduct and practices, as described above, were willful.

101.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

102.    Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

103.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violation—Hourly Caregivers)

104.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

105.   Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated Hourly Caregivers pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

106.   At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

107.   29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

108.   Defendants classified Plaintiffs and other similarly situated Hourly Caregivers as non-exempt from the overtime provisions of the FLSA.

109.   Defendants failed to pay Plaintiffs and similarly situated Hourly Caregivers one and one-half times their regular rate for all hours worked in excess of forty hours per week.

110.   Defendants deprived Plaintiffs and similarly situated Hourly Caregivers of compensation for all of the hours worked over forty (40) per week, in violation of the FLSA.

111.   Defendants knew or should have known that their actions violated the FLSA.

112.   Defendants' conduct, as described above, has been willful.

113.   By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all similarly situated Hourly Caregivers for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all

violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

114.   Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated Hourly Caregivers are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

115.   Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violation—Salaried Caregivers)

116.   Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

117.   Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated Salaried Caregivers pursuant to the FLSA, 29 U.S.C. § 201, et seq.

118.   At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

119.   29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

120.   Defendants misclassified Plaintiffs and other similarly situated Salaried Caregivers as exempt from the overtime provisions of the FLSA.

121.   Defendants failed to pay Plaintiffs and similarly situated Salaried Caregivers one and one-half times their regular rate for all hours worked in excess of forty hours per week.

122.   Defendants deprived Plaintiffs and similarly situated Salaried Caregivers of compensation for all of the hours worked over forty (40) per week, in violation of the FLSA.

123.   Defendants knew or should have known that their actions violated the FLSA.

124.   Defendants' conduct, as described above, has been willful.

125.   By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all similarly situated Salaried Caregivers for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

126.   Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated Salaried Caregivers are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

127.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### IX.    FOURTH CLAIM FOR RELIEF
### (Individual Claims for AMWA Violation)

128.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

129.    Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

130.    At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

131.    Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

132.    While Plaintiffs were Hourly Caregivers, Defendants classified Plaintiffs as non-exempt from the requirements of AMWA.

133.    While Plaintiffs were Salaried Caregivers, Defendants misclassified Plaintiffs as exempt from the requirements of AMWA.

134.    Defendants failed to pay Plaintiffs overtime wages as required under the AMWA for all hours that Plaintiffs worked in excess of forty (40) per week.

135.    Defendants knew or should have known that its practices violated the AMWA.

136.   Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

137.   By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as provided by the AMWA.

## X.    FIFTH CLAIM FOR RELIEF
### (Plaintiff Ash-Robinson's Claim for Retaliation)

138.   Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

139.   Defendants' termination of Ash-Robinson was a direct and willful violation of the FLSA's anti-retaliation provision at subsection 215(a)(3), which forbids employers from firing or otherwise taking retaliatory action against individuals who have asserted their rights under the FLSA.

140.   Pursuant to the FLSA, employers may not "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3).

141.   Ash-Robinson engaged in protected activity by initiating the filing of an FLSA lawsuit over the improper ways in which she was paid.

142.   Defendants fired or constructively fired Ash-Robinson in an act of retaliation against Ash-Robinson solely due to Ash-Robinson's actions in initiating this FLSA lawsuit.

143.   Ash-Robinson should be compensated for lost income due to Defendants' unlawful retaliation, and should be compensated for any pain, suffering, or loss of face suffered as a result of Defendants' actions and reinstated to her former employment.

144.   Further, punitive damages should be assessed against Defendants for their blatant and willful actions to retaliate against Ash-Robinson for her assertion of her rights under the FLSA in direct and intentional violation of the anti-retaliation provisions of the FLSA.

145.   Any employees of Defendants who participated in the retaliatory acts against Ash-Robinson should be subject to criminal sanction pursuant to 29 U.S.C. § 216(a).

## XI.      PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Tonya Ash-Robinson, Adreanne Walker, Rodney Lewis and Aaron Burton, each individually and on behalf of all others similarly situated, respectfully pray that Defendants be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.      Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.      Certification of two collectives under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.      Judgment for damages suffered by Plaintiffs and all others similarly situated for all unpaid overtime compensation under the FLSA, the AMWA and their related regulations;

D.     Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.     Judgment for compensatory and punitive damages and attorneys' fees resulting from Defendants' willful violation of the FLSA's retaliation provision;

F.     An order directing Defendants to pay Plaintiffs and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

G.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**TONYA ASH-ROBINSON,
ADREANNE WALKER, RODNEY
LEWIS and AARON BURTON,
Each Individually and on Behalf
of All Others Similarly Situated,
PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TONYA ASH-ROBINSON, ADREANNE**                                    **PLAINTIFFS**
**WALKER, RODNEY LEWIS and AARON**
**BURTON, Each Individually and on**
**Behalf of All Others Similarly Situated**

VS.                                           No. 4:20-cv-_____

**HOME TO COMMUNITY LIVING, INC.,**                                **DEFENDANTS**
**and REESHEMA BRITT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an **hourly** Caregiver for Home to Community Living, Inc., and Reeshema Britt within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**TONYA ASH-ROBINSON**
October 15, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TONYA ASH-ROBINSON, ADREANNE**                                **PLAINTIFFS**
**WALKER, RODNEY LEWIS and AARON**
**BURTON, Each Individually and on**
**Behalf of All Others Similarly Situated**

VS.                                         No. 4:20-cv-____

**HOME TO COMMUNITY LIVING, INC.,**                              **DEFENDANTS**
**and REESHEMA BRITT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a **salaried** Caregiver for Home to Community Living, Inc., and Reeshema Britt within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**TONYA ASH-ROBINSON**
October 15, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TONYA ASH-ROBINSON, ADREANNE**                                    **PLAINTIFFS**
**WALKER, RODNEY LEWIS and AARON**
**BURTON, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                                        No. 4:20-cv-_____

**HOME TO COMMUNITY LIVING, INC.,**                          **DEFENDANTS**
**and REESHEMA BRITT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an **hourly** Caregiver for Home to Community Living, Inc., and Reeshema Britt within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**ADREANNE WALKER**
October 15, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TONYA ASH-ROBINSON, ADREANNE**                           **PLAINTIFFS**
**WALKER, RODNEY LEWIS and AARON**
**BURTON, Each Individually and on**
**Behalf of All Others Similarly Situated**


vs.                                    No. 4:20-cv-_____


**HOME TO COMMUNITY LIVING, INC.,**                          **DEFENDANTS**
**and REESHEMA BRITT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a **salaried** Caregiver for Home to Community Living, Inc., and Reeshema Britt within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.


_____
**ADREANNE WALKER**
October 15, 2020


**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TONYA ASH-ROBINSON, ADREANNE**               **PLAINTIFFS**
**WALKER, RODNEY LEWIS and AARON**
**BURTON, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                      No. 4:20-cv-____

**HOME TO COMMUNITY LIVING, INC.,**            **DEFENDANTS**
**and REESHEMA BRITT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an **hourly** Caregiver for Home to Community Living, Inc., and Reeshema Britt within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____

**RODNEY LEWIS**
October 15, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TONYA ASH-ROBINSON, ADREANNE**                        **PLAINTIFFS**
**WALKER, RODNEY LEWIS and AARON**
**BURTON, Each Individually and on**
**Behalf of All Others Similarly Situated**


**VS.**                              **No. 4:20-cv-_____**


**HOME TO COMMUNITY LIVING, INC.,**                    **DEFENDANTS**
**and REESHEMA BRITT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a **salaried** Caregiver for Home to Community Living, Inc., and Reeshema Britt within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for underline unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.


_____
**RODNEY LEWIS**
October 15, 2020




**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TONYA ASH-ROBINSON, ADREANNE**                          **PLAINTIFFS**
**WALKER, RODNEY LEWIS and AARON**
**BURTON, Each Individually and on**
**Behalf of All Others Similarly Situated**


vs.                                   No. 4:20-cv-____


**HOME TO COMMUNITY LIVING, INC.,**                          **DEFENDANTS**
**and REESHEMA BRITT**

### CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an **hourly** Caregiver for Home to Community Living, Inc., and Reeshema Britt within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

*Aaron Burton*
**AARON BURTON**
October 15, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TONYA ASH-ROBINSON, ADREANNE**                                    **PLAINTIFFS**
**WALKER, RODNEY LEWIS and AARON**
**BURTON, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                                              No. 4:20-cv-_____

**HOME TO COMMUNITY LIVING, INC.,**                                 **DEFENDANTS**
**and REESHEMA BRITT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as **a salaried** Caregiver for Home to Community Living, Inc., and Reeshema Britt within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

*Aaron Burton*
_____
**AARON BURTON**
October 15, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**